KATINKA GROSSMAN v. WILLIAM S. HANCOCK, COMP-
TROLLER OF THE STATE OF NEW JERSEY, ET AL.

The title of an act being "An act to tax intestates' estates, gifts, legacies
and collateral inheritance in certain cases"—*Held*, that the title did
not express a purpose to tax real estate devised, and the provisions of
the act for that purpose were therefore invalid.

On *certiorari.*

Argued at February Term, 1895, before Justices DIXON
and LIPPINCOTT.

For the prosecutor, *James M. Trimble.*

For the defendants, *Elvin W. Crane.*

The opinion of the court was delivered by

DIXON, J.   This *certiorari* brings up a tax levied in sup-
posed pursuance of the act entitled "An act to tax intestates'
estates, gifts, legacies and collateral inheritance in certain
cases," approved March 23d, 1892 (*Pamph. L., p.* 206), and
the act revising and amending the same in *Pamph. L.* 1893,
*p.* 367.

The present tax was levied upon real estate in the city of
Newark devised to the prosecutrix in fee-simple by the will
of her stepfather, who died seized May 4th, 1894.

The only question raised is whether the provisions of these
acts for imposing a tax upon a *devise of lands* are within the
object expressed in the title.   If they are not, they are in-
valid under our constitution.   *Dobbins* v. *Northampton,* 21
*Vroom* 496.

Of the four subjects of taxation mentioned in the title—the
first, "intestates' estates," and the last, "collateral inherit-
ance," exclude transfers by will (*Horner* v. *Webster,* 4 *Vroom*
387, 413); the second, "gifts," indicates delivery in the life-

time of the donor (8 *Am. & Eng. Encycl. L., p.* 1313), and
the third, "legacies," is confined to personal property (13 *Id.*
9). None of them embraces lands devised, and hence the
provisions of the statutes for imposing a tax upon such devo-
lutions of property must fail.

The defect here indicated is avoided in the act of May 15th,
1894, but as that does not apply to property passing by will
before the approval of the act, it does not affect the present
case.

The tax must be set aside.